DSS:CMP/HLJ/KT
F.#2013R0444

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

ALBERTO YUSI LAJUD-PEÑA, also
    known as "Prime" and
    "Albertico,"
JAEL MEJIA COLLADO,
JOAN LUIS MINIER LARA,
EVAN JOSE PEÑA,
JOSE FAMILIA REYES,
ELVIS RAFAEL RODRIGUEZ,
EMIR YASSER YEJE and
CHUNG YU-HOLGUIN, also known as
    "Chino El Abusador,"

               Defendants.

- - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. CR 13 - 0259
(T. 18, U.S.C., §§
982(a)(1), 982(a)(2)(B),
1029(b)(2),
1029(c)(1)(A)(ii),
1029(c)(1)(C), 1956(h),
1957(a), 2 and 3551 et
seq.; T. 21, U.S.C.,
§ 853(p))

MATSUMOTO, J.

POHORELSKY, M.J.

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1. On or about and between October 2012 and April 2013, the defendants ALBERTO YUSI LAJUD-PEÑA, also known as "Prime" and "Albertico," JAEL MEJIA COLLADO, JOAN LUIS MINIER LARA, EVAN JOSE PEÑA, JOSE FAMILIA REYES, ELVIS RAFAEL RODRIGUEZ, EMIR YASSER YEJE and CHUNG YU-HOLGUIN, also known as "Chino El Abusador," together with others, participated in an international conspiracy to use sophisticated cybercrime techniques to steal confidential financial account information which they then used

to withdraw currency from automated teller machines ("ATMs") located at banks in the United States and elsewhere in a scheme known as a "cashout," "PIN cashing" or "carding."

2. This cashout scheme arose from intrusions by hackers into the computer systems of financial service providers and other businesses in the United States and abroad for the purpose of stealing confidential financial account information, including account numbers and personal identification numbers ("PINs") for prepaid debit cards, among other things. The hackers targeted specific victim financial service providers, planned the intrusions and executed the attacks. In order to carry out the scheme, the hackers relied upon a trusted group of associates to disseminate the stolen financial information globally via the Internet to leaders of "cashing crews" around the world. The cashing crews consisted of individuals known as "cashers" or "cashiers." The leaders of these crews were responsible for planning, organizing and executing the cashouts in which the cashers conducted hundreds and in one case, thousands, of fraudulent transactions over a matter of hours via ATM withdrawals and fraudulent purchases using plastic cards encoded with stolen account information.

3. The defendant ALBERTO YUSI LAJUD-PEÑA was a leader of a New York-based cashing crew.

4. The defendants JAEL MEJIA COLLADO, JOAN LUIS MINIER LARA, EVAN JOSE PEÑA, JOSE FAMILIA REYES, ELVIS RAFAEL RODRIGUEZ, EMIR YASSER YEJE and CHUNG YU-HOLGUIN were members of the defendant ALBERTO YUSI LAJUD-PEÑA's cashing crew.

A.  The RAKBANK Unlimited Operation

5. In or about December 2012, an Indian credit card processor that handles Visa and MasterCard prepaid debit cards, whose identity is known to the Grand Jury, was the victim of a network intrusion. Those responsible for this intrusion increased the withdrawal limits on prepaid MasterCard debit card accounts issued by the National Bank of Ras Al-Khaimah PSC, also known as "RAKBANK", located in the United Arab Emirates. This type of scheme is known as an "unlimited operation." In such operations, hackers manipulate account balances and in some cases security protocols to effectively eliminate any withdrawal limits on individual accounts. As a result, even a few compromised bank account numbers can result in tremendous financial loss to the victim financial institution.

6. Between approximately December 21, 2012 and December 22, 2012, five account numbers for the compromised RAKBANK accounts with increased balances were distributed to individuals located in approximately 20 countries around the world, including the United States. The individuals receiving these card numbers encoded the data onto magnetic stripe cards

and used those cards to withdraw funds from ATMs in their respective locations. In total, more than 4,500 ATM transactions were conducted using the compromised RAKBANK account data, resulting in a total loss of approximately $5 million.

7.  The defendants ALBERTO YUSI LAJUD-PEÑA, JAEL MEJIA COLLADO, JOAN LUIS MINIER LARA, EVAN JOSE PEÑA, JOSE FAMILIA REYES, ELVIS RAFAEL RODRIGUEZ, EMIR YASSER YEJE and CHUNG YU-HOLGUIN, and their co-conspirators used one specific compromised RAKBANK account number ("the compromised RAKBANK account number") to conduct approximately 705 fraudulent ATM withdrawals totaling approximately $382,597 in and around New York City. Globally, the compromised RAKBANK account number was used to conduct approximately 1,083 fraudulent transactions for a total loss of approximately $628,985.

B.  The Bank of Muscat Unlimited Operation

8.  In or about February 2013, a credit card processor based in the United States that handles Visa and MasterCard prepaid debit cards, whose identity is known to the Grand Jury, was the victim of a network intrusion that resulted in another unlimited operation. In this scheme the withdrawal limits were increased for MasterCard prepaid debit card accounts issued by the Bank of Muscat, located in Oman.

9.  Between approximately February 19, 2013 and February 20, 2013, 12 account numbers for the compromised Bank of

4

Muscat accounts with increased balances were distributed to individuals located in approximately 24 countries around the world, including the United States. The Bank of Muscat unlimited operation resulted in approximately $40 million in losses in the course of less than 24 hours.

    10.  In particular, the defendants ALBERTO YUSI LAJUD-PEÑA, JAEL MEJIA COLLADO, JOAN LUIS MINIER LARA, EVAN JOSE PEÑA, JOSE FAMILIA REYES, ELVIS RAFAEL RODRIGUEZ, EMIR YASSER YEJE and CHUNG YU-HOLGUIN, and their co-conspirators used one specific compromised Bank of Muscat account number ("the compromised Bank of Muscat account number") during the Bank of Muscat unlimited operation to conduct approximately 2,904 successful ATM withdrawals in and around New York City with a total loss of approximately $2.4 million. Globally, the compromised Bank of Muscat account number was used to conduct approximately 11,777 fraudulent transactions for a total loss of approximately $8.9 million.

COUNT ONE
(Conspiracy to Commit Access Device Fraud)

    11.  In or about and between October 2012 and April 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALBERTO YUSI LAJUD-PEÑA, also known as "Prime" and "Albertico," JAEL MEJIA COLLADO, JOAN LUIS MINIER LARA, EVAN JOSE PEÑA, JOSE FAMILIA REYES, ELVIS RAFAEL RODRIGUEZ, EMIR YASSER YEJE and CHUNG

YU-HOLGUIN, also known as "Chino El Abusador," together with others, did knowingly and with intent to defraud conspire to effect transactions with one or more access devices issued to another person or persons, to wit: debit cards used to withdraw funds from automated teller machines, to receive payment and any other thing of value during a one-year period, the aggregate value of which was equal to or greater than $1,000, in a manner affecting interstate commerce, contrary to Title 18, United States Code, Section 1029(a)(5).

12. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants ALBERTO YUSI LAJUD-PEÑA, JAEL MEJIA COLLADO, JOAN LUIS MINIER LARA, EVAN JOSE PEÑA, JOSE FAMILIA REYES, ELVIS RAFAEL RODRIGUEZ, EMIR YASSER YEJE and CHUNG YU-HOLGUIN, together with others, committed and caused to be committed, among others, the following:

OVERT ACTS

(a) On or about December 22, 2012, the defendant ALBERTO YUSI LAJUD-PEÑA conducted approximately four withdrawals totaling approximately $3,212 using the compromised RAKBANK account number from an ATM in Manhattan, New York.

(b) On or about February 19, 2013, the defendant JAEL MEJIA COLLADO conducted approximately six withdrawals

6

totaling approximately $4,812 using the compromised Bank of Muscat account number from an ATM located in Manhattan, New York.

(c) On or about December 22, 2012, the defendant JOAN LUIS MINIER LARA conducted approximately four withdrawals totaling approximately $3,212 using the compromised RAKBANK account number from an ATM located in Manhattan, New York.

(d) On or about February 19, 2013, the defendant EVAN JOSE PEÑA conducted approximately two withdrawals totaling approximately $1606 using the compromised Bank of Muscat account number from an ATM located in Manhattan, New York.

(e) On or about December 22, 2012, the defendant JOSE FAMILIA REYES conducted approximately six withdrawals totaling approximately $4,818 using the compromised RAKBANK account number from an ATM located in Manhattan, New York.

(f) On or about December 22, 2012, the defendant ELVIS RAFAEL RODRIGUEZ conducted approximately five withdrawals totaling approximately $4,010 using the compromised RAKBANK account number from an ATM located in Manhattan, New York.

(g) On or about February 19, 2013, the defendant EMIR YASSER YEJE conducted approximately ten withdrawals totaling approximately $8,030 using the compromised Bank of Muscat account number from an ATM located in Manhattan, New York.

(h) On or about February 19, 2013, the defendant CHUNG YU-HOLGUIN conducted approximately five withdrawals

totaling approximately $4,010 using the compromised Bank of Muscat account number from an ATM located in Manhattan, New York.

(Title 18, United States Code, Sections 1029(b)(2), 1029(c)(1)(A)(ii) and 3551 et seq.)

## COUNT TWO
(Money Laundering Conspiracy)

13. In or about and between December 2012 and April 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALBERTO YUSI LAJUD-PEÑA, also known as "Prime" and "Albertico," ELVIS RAFAEL RODRIGUEZ and EMIR YASSER YEJE, together with others, did knowingly and intentionally conspire to engage in monetary transactions, in and affecting interstate and foreign commerce, by, through and to one or more financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: access device fraud, in violation of Title 18, United States Code, Section 1029, contrary to Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT THREE
(Money Laundering)

14. On or about March 18, 2013, within the Southern District of New York and the Southern District of Florida, the

defendant ALBERTO YUSI LAJUD-PEÑA, also known as "Prime" and "Albertico," together with others, did knowingly and intentionally engage in monetary transactions, in and affecting interstate and foreign commerce, by, through and to one or more financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: deposits of funds and monetary instruments that were the proceeds of access device fraud, in violation of Title 18, United States Code, Section 1029.

(Title 18, United States Code, Sections 1957(a), 2 and 3551 et seq.)

## COUNT FOUR
(Money Laundering)

15. On or about March 25, 2013, within the Southern District of New York, the defendants ALBERTO YUSI LAJUD-PEÑA, also known as "Prime" and "Albertico," ELVIS RAFAEL RODRIGUEZ and EMIR YASSER YEJE, together with others, did knowingly and intentionally engage in monetary transactions, in and affecting interstate and foreign commerce, by, through and to one or more financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: deposits and transfers of funds and monetary instruments that were the proceeds of access

9

device fraud, in violation of Title 18, United States Code, Section 1029.

(Title 18, United States Code, Sections 1957(a), 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT ONE

16. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense, and (b) Title 18, United States Code, Section 1029(c)(1)(C), which requires any person convicted of such offense to forfeit any personal property used or intended to be used to commit the offense including, but not limited to, the following: (i) approximately $11,769.63 in United States currency seized on or about April 12, 2013 from JP Morgan Chase account no. 157997530 held in the name of Alberto Lajud d/b/a AL Tech, and all proceeds traceable thereto; (ii) approximately $88,911.25 in United States currency seized on or about April 12, 2013 from TD Ameritrade account no. 865073115 held in the name of Alberto Lajud, and all proceeds traceable thereto; (iii) approximately $2,004 in United States currency seized from defendant ELVIS RAFAEL RODRIGUEZ on or about March

27, 2013 in or around John F. Kennedy International Airport in Jamaica, New York, and all proceeds traceable thereto; (iv) approximately $3,740.00 in United States currency seized on or about April 5, 2013 from the premises located at 160 Amackassin Terrace, Basement Apartment, Yonkers, New York, and all proceeds traceable thereto; (v) one Rolex Oyster Perpetual Datejust watch bearing serial number 116334 seized on or about April 3, 2013 from the premises located at 12 Dalton Road, Apartment No. 1-R, Yonkers, New York; (vi) one Rolex Oyster Perpetual Datejust watch bearing serial no. 5738731 seized from defendant EVAN JOSE PEÑA on or about April 3, 2013 at the Raceway Diner located at 833 Yonkers Avenue, Yonkers, New York; (vii) approximately $1,203.00 in United States currency seized from defendant EVAN JOSE PEÑA on or about April 3, 2013 at the Raceway Diner located at 833 Yonkers Avenue, Yonkers, New York, and all proceeds traceable thereto; and (viii) approximately $53,020.00 in United States currency seized from defendant EVAN JOSE PEÑA on or about April 3, 2013 at the premises located at 12 Dalton Road, Apartment No. 1-R, Yonkers, New York, and all proceeds traceable thereto.

      17.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)    cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO, THREE AND FOUR

18. The United States hereby gives notice to the defendants charged in Counts Two, Three and Four that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit all property, real or personal, involved in such offenses, or any property traceable to such offenses,

12

including but not limited to, the following: (i) approximately $11,769.63 in United States currency seized on or about April 12, 2013 from JP Morgan Chase account no. 157997530 held in the name of Alberto Lajud d/b/a AL Tech, and all proceeds traceable thereto; (ii) approximately $88,911.25 in United States currency seized on or about April 12, 2013 from TD Ameritrade account no. 865073115 held in the name of Alberto Lajud, and all proceeds traceable thereto; (iii) approximately $2,004 in United States currency seized from defendant ELVIS RAFAEL RODRIGUEZ on or about March 27, 2013 in or around John F. Kennedy International Airport in Jamaica, New York, and all proceeds traceable thereto; (iv) approximately $3,740.00 in United States currency seized on or about April 5, 2013 from the premises located at 160 Amackassin Terrace, Basement Apartment, Yonkers, New York, and all proceeds traceable thereto; (v) one Rolex Oyster Perpetual Datejust watch bearing serial number 116334 seized on or about April 3, 2013 from the premises located at 12 Dalton Road, Apartment No. 1-R, Yonkers, New York; (vi) one Rolex Oyster Perpetual Datejust watch bearing serial no. 5738731 seized from defendant EVAN JOSE PEÑA on or about April 3, 2013 at the Raceway Diner located at 833 Yonkers Avenue, Yonkers, New York; (vii) approximately $1,203.00 in United States currency seized from defendant EVAN JOSE PEÑA on or about April 3, 2013 at the Raceway Diner located at 833 Yonkers Avenue, Yonkers, New York, and all proceeds traceable

13

thereto; and (viii) approximately $53,020.00 in United States currency seized from defendant EVAN JOSE PEÑA on or about April 3, 2013 at the premises located at 12 Dalton Road, Apartment No. 1-R, Yonkers, New York, and all proceeds traceable thereto.

19.     If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK
CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

*ALBERTO YUSI LAJUD-PEÑA, also known as "Prime" and "Albertico," JAEL MEJIA COLLADO, JOAN LUIS MINIER LARA, EVAN JOSE PEÑA, JOSE FAMILIA REYES, ELVIS RAFAEL RODRIGUEZ, EMIR YASSER YEJE and CHUNG YU-HOLGUIN, also known as "Chino El Abusador,"*

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 982(a)(1), 982(a)(2)(B), 1029(b)(2), 1029(c)(1)(A)(ii), 1029(c)(1)(C), 1956(h), 1957(a), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____
                                                                 *Foreman*

*Filed in open court this* _____ *day, of* _____ *A.D. 20* __
                                                 *Clerk*

*Bail, $* _____

***Cristina Posa, Hilary Ley Jager and Kevin Trowel***
***Assistant U.S. Attorneys (718-254-6668/6248/6351)***