AO 245B    (Rev. 09/11) Judgment in a Criminal Case
          Sheet 1

# UNITED STATES DISTRICT COURT

### Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>**v.**<br><br>Elvis Rafael Rodriguez | ) **JUDGMENT IN A CRIMINAL CASE**<br>)<br>)<br>)   Case Number:     13CR259[KAM]<br>)<br>)   USM Number:    80642-053<br>)   Patrick J. Brackley Esq.<br>)   233 Broadway<br>)   Suite 801<br>     New York, NY 10279<br>     Defendant's Attorney |

## THE DEFENDANT:

✔ pleaded guilty to count(s)    One of the Indictment (not named in Count 3)

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1029 (a)(5),(b)(2), and (c)(1)(A)(ii) | Conspiracy To Commit Access Device Fraud, a Class D Felony | 3/27/2013 | 1 |

The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

✔ Count(s)      2 and 4      ☐ is   ✔ are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 25, 2014
Date of Imposition of Judgment

/s/ Judge Kiyo A. Matsumoto

Signature of Judge

Kiyo A. Matsumoto, USDJ
Name and Title of Judge

November 25, 2014
Date

AO 245B    (Rev. 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT:        Elvis Rafael Rodriguez
CASE NUMBER:      13CR259[KAM]

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

34 months with credit for time served since March 27, 2013, the date of his arrest.

✔ The court makes the following recommendations to the Bureau of Prisons:
The Court respectfully recommends that Mr. Rodriguez be designated to a facility as close to the New York Metro area to facilitate family visits

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

|  |  | Judgment—Page | 3 | of | 6 |

DEFENDANT:          Elvis Rafael Rodriguez
CASE NUMBER:      13CR259[KAM]

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

       3 years with special conditions.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

✔   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT:       Elvis Rafael Rodriguez
CASE NUMBER:     13CR259[KAM]

## SPECIAL CONDITIONS OF SUPERVISION

A. Mr. Rodriguez shall comply with his restitution, forfeiture, assessment, and his electronic monitoring obligations set forth below.

B. Mr. Rodriguez shall provide full and complete financial disclosure to the government and probation officer and assistance to the government by providing information and cooperation regarding any assets that should be available to pay restitution to the victims.

C. For a period of 6 months Mr. Rodriguez shall comply with a curfew via electronic monitoring as directed by the Probation Department. Mr. Rodriguez will remain at his place of residence from 7:00p.m. to 7:00a.m. The Probation Department may designate another 12-hour respective time period if the defendant's employment, education, or observance of religious services preclude the above specified times. During the curfew period, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for the curfew via electronic monitoring by the Probation Department. In addition, the defendant shall pay all costs, including the price of the electronic monitoring equipment, to the degree he is able to pay. Mr. Rodriguez shall also make truthful financial disclosure to the U.S. Probation Department and to the government and comply with the conditions that he pay for electronic monitoring, restitution, forfeiture and assessment.

D. Mr. Rodriguez shall not possess a firearm, ammunition, or destructive device

**Restitution:**

The Court imposes an Order and Judgment of Restitution in the amount of $2,782,597, of which $2,400,000 is owed to Bank of Muscat, and $382,597 is owed to RAKBANK, payable as set forth herein, to the Clerk of Court, U.S. District Court, 225 Cadman Plaza East, Brooklyn, New York 11201 for payment pro rata to the victim financial institutions. The Clerk of Court shall forward the pro rata restitution payments of $2,400,000 to: Bank of Muscat c/o N. Simpson, Addleshaw Goddard (Middle East) LLP, P.O. Box 506555 Level 15, Tower 2 Al Fattan Currency House, Dubai International Financial Center United Arab Emirates. The balance of $382,597 is owed to RAKBANK, The National Bank of Ras Al-Khaimah, Attn: Graham Honeybill CEO, RAKBANK located at: PO Box 5300, Ras Al-Khaimah, United Emirates. While in custody, defendant shall make restitution payments of at least $25 per quarter. Starting the first day of the first month after Mr. Rodriguez's release from custody, he shall continue making restitution payments at a minimum monthly rate of not less than 20% of defendant's gross income per month, after deductions required by law to begin immediately. Restitution is joint and several with the co-defendants in 13CR259[KAM] Jael Mejia Collado, Joan Luis Minier Lara, Saul Genao, Jose Familia Reyes, Evan Pena, Emir Yasser Yeje, Chung Yu Holguin, Anthony Diaz, Franklyn Ferreira, Saul Franjul, Jaindhi Polanco, and Jose Angeley Valerio.

**Forfeiture:**

The defendant has consented to pay a Forfeiture money judgment in the amount of $2,400,000, including forfeiture of the following: One Rolex Oyster Perpetual Datejust watch bearing serial number 116334 seized on April 3, 2013, from the premises located at 12 Dalton Road, Yonkers, New York. One Rolex Oyster Perpetual Datejust watch bearing serial number 5738731 seized from Mr. Pena on or about April 3, 2013 at Raceway Diner located at 833 Yonkers Avenue, Yonkers, New York and one 2010 blue Porsche sedan bearing vehicle identification number WPOAB2A 70AL06833 seized on May 1, 2013 at the Port of Santo Domingo located in the Dominican Republic. The value of any assets forfeited by the government shall be deducted from the forfeiture judgment. As set forth in the Final Order and Judgment of Forfeiture which is attached hereto and incorporated herein as part of this judgment.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

DEFENDANT:         Elvis Rafael Rodriguez
CASE NUMBER:       13CR259[KAM]

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0 | $ 2,782,597 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk shall forward payments to:<br>Bank of Muscat c/o<br>N. Simpson, Addleshaw Goddard<br>(Middle East) LLP<br>P.O. Box 506555 Level 15<br>Tower 2 Al Fattan Currency House<br>Dubai International Financial<br>Center, United Arab Emirates | $ 2,400,000 | $ 2,400,000 | |
| Clerk shall forward payments to:<br>RAKBANK<br>The National Bank ofRas-Khaimah<br>Attn: Graham Honeybill, CEO<br>P O Box 5300, Ras-Al-Khaimah<br>United Arab Emirates | $ 382,597 | $ 382,597 | |
| **TOTALS** | $ 2,782,597 | $ 2,782,597 | |

☐   Restitution amount ordered pursuant to plea agreement $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___6___

DEFENDANT:       Elvis Rafael Rodriguez
CASE NUMBER:     13CR259[KAM]

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ✔ Lump sum payment of ___$2,782,597___ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ✔ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ✔ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ✔ Special instructions regarding the payment of criminal monetary penalties:

The Court imposes an Order and Judgment of Restitution in the amount of $2,782,597, of which $2,400,000 is owed to Bank of Muscat, and $382,597 is owed to RAKBANK, payable as set forth herein, to the Clerk of Court, U.S. District Court, 225 Cadman Plaza East, Brooklyn, New York 11201 for payment pro rata to the victim financial institutions. The Clerk of Court shall forward the pro rata restitution payments of $2,400,000 to: Bank of Muscat c/o N. Simpson, Addleshaw Goddard (Middle East) LLP, P.O. Box 506555 Level 15, Tower 2 Al Fattan Currency House, Dubai International Financial Center United Arab Emirates. The balance of $382,597 is owed to RAKBANK, The National Bank of Ras Al-Khaimah, Attn: Graham Honeybill CEO, RAKBANK located at: PO Box 5300, Ras Al-Khaimah, United Emirates. While in custody, defendant shall make restitution payments of at least $25 per quarter. Starting the first day of the first month after Mr. Rodriguez's release from custody, he shall continue making restitution payments at a minimum monthly rate of not less than 20% of defendant's gross income per month, after deductions required by law to begin immediately. Restitution is joint and several with the co-defendants in 13CR259[KAM] Jael Mejia Collado, Joan Luis Minier Lara, Saul Genao, Jose Familia Reyes, Evan Pena, Emir Yasser Yeje, Chung Yu Holguin, Anthony Diaz, Franklyn Ferreira, Saul Franjul, Jaindhi Polanco, and Jose Angeley Valerio.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

✔ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    Co-defendants in 13CR259[KAM] Jael Mejia Collado, Joan Luis Minier Lara, Saul Genao, Jose Familia Reyes, Evan Pena, Emir Yasser Yeje, Chung Yu Holguin, Anthony Diaz, Franklyn Ferreira, Saul Franjul, Jaindhi Polanco, and Jose Angeley Valerio.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

✔ The defendant shall forfeit the defendant's interest in the following property to the United States:
The defendant has consented to pay a Forfeiture money judgment in the amount of $2,400,000, including forfeiture of the following: One Rolex Oyster Perpetual Datejust watch bearing serial number 116334 seized on April 3, 2013, from the premises located at 12 Dalton Road, Yonkers, New York. One Rolex Oyster Perpetual Datejust watch bearing serial number 5738731 seized from Mr. Pena on or about April 3, 2013 at Raceway Diner located at 833 Yonkers Avenue, Yonkers, New York and one 2010 blue Porsche sedan bearing vehicle identification number WPOAB2A 70AL06833 seized on May 1, 2013 at the Port of Santo Domingo located in the Dominican Republic. The value of any assets forfeited by the government shall be deducted from the forfeiture judgment. As set forth in the Final Order and Judgment of Forfeiture which is attached hereto and incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.